**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**FOROOTAN SAMIEI,**

              **Petitioner,**

**v.**                                            **Civil No. 2:26cv458**

**TODD BLANCHE,** *Acting Attorney*
*General of the United States,*
**et al.,**

              **Respondents.**

## MEMORANDUM ORDER

Before the Court is Forootan Samiei's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"), filed pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, who has been in immigration custody subject to a <u>final</u> removal order since December 17, 2025, argues that his removal is not reasonably foreseeable due to the "absence of formal diplomatic relations between the United States and the Islamic Republic of Iran."[1] ECF No. 1, at 4-7. Petitioner also notes the absence of any efforts to remove him to a country other than Iran even though Petitioner's removal order has been final since late 2025. ECF No. 11, at 3. Respondents oppose the Petition, representing that Petitioner's case is "being actively reviewed" by Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), "to facilitate removal to Iran or a third country." ECF No. 10-1, at 4.

---

[1] Petitioner separately emphasizes the complicating nature of the "armed hostilities" between the United States and Iran. ECF No. 11, at 6.

After considering the parties' positions, on June 17, 2026, the Court issued a briefing Order directing Respondents to provide a factual update addressing any steps recently taken to remove Petitioner to Iran, any steps recently taken to remove Petitioner to a third country, and the likely timeline of removal. ECF No. 12, at 2-3. The Order highlighted Petitioner's arguments about strained diplomatic relations and granted Petitioner an opportunity to file a reply. Id. at 1, 3.

On June 25, 2026, Respondents filed a one-page supplemental brief and an attached declaration. ECF Nos. 13, 13-1. The brief does not clearly outline any recent steps taken by ERO to effectuate removal to Iran, but instead references an undated request for travel documents. ECF No. 13, at 1. The brief further indicates that the Removal Management Division ("RMD") of ICE is "attempting" to schedule a flight to Iran next month, but provides no supporting facts regarding such "attempt." Id. The brief does not counter — or even mention — Petitioner's allegations of strained diplomatic relations between Iran and the United States. Id. Similarly, the brief does not indicate any steps taken to effectuate removal to a third country; instead, it simply states that "[t]o date, Respondents have not yet identified a third country for removal." Id.

Respondent's supporting declaration similarly advances few if any factual developments. In fact, it states that the "Local ERO

2

has submitted a travel document to . . . RMD of ICE ERO Headquarters for submission to Iran," but does not assert that RMD transmitted this document request to Iran.[2]  ECF No. 13-1, at 2.  Similarly, the declaration does not indicate that any progress, or even attempt, was made with respect to removal to a third country.  Id. The declaration does assert that Iran issues travel documents "on a case-by-case basis for individuals who submit a travel document request," but provides no details regarding how long this takes, what drives the "case-by-case" determination, or how Petitioner in this case is faring in the process.  Id.  Finally, the declaration makes a broad reference about a possible "removal flight" to Iran in the future, but does not respond to the Court's request for a reasoned prediction as to when Petitioner will likely be removed. Id.  Tellingly, like the supplemental brief, the declaration does not make any reference to the challenging diplomatic relations raised by Petitioner.

On July 1, 2026, Petitioner filed a response challenging the limited probative value of Respondents' newly submitted facts and arguing that the supplement falls far short of rebutting Petitioner's showing that removal is not reasonably foreseeable. ECF No. 14, at 2-7.  The Court agrees.

---

[2] While the prior declaration in this case states that DHS "completed" an "I-217 Information for Travel Document or Passport," it never states that a request for travel documents was transmitted to representatives of Iran. ECF No. 10-1.

3

First, Petitioner has carried his burden to offer "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," which preliminarily suggests that his continued detention violates due process. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001) (establishing a six-month presumptively reasonable period for removal); <u>see</u> <u>Castaneda v. Perry</u>, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he <u>Zadvydas</u> standard <u>is</u> due process . . . ."). As of the date of this Order, DHS has been, or should have been, actively pursuing removal efforts to Iran or a third country for nearly seven months. Respondents, however, report no progress toward removing Petitioner, make no reference to ongoing negotiations with Iran, seem not even to claim that a travel document request was sent to Iran, and do not represent that they reached out to any third country to inquire about the possibility of removal. Respondents have thus demonstrated no progress, nor even "a likelihood of successful future negotiations," with Iran or any other country as to this specific Petitioner. <u>Zadvydas</u>, 533 U.S. at 702.

In addition, it is telling that Respondents' filings do not even mention diplomatic tensions between the United States and Iran, thus undercutting the persuasiveness of their imprecise statements regarding the potential for removal in the future. There was, of course, an armed conflict between the United States and Iran during the removal period, an international dispute that

4

is still the subject of ongoing negotiations.  As Respondents are silent on this topic, they fail to explain how or _when_ these diplomatic challenges will be overcome within the context of this case.  Cf. Babakhani v. Gannt, No. CIV-26-705, 2026 WL 1822995, at *4 (W.D. Okla. June 24, 2026) (granting immediate release in a case where "ERO did not provide any meaningful updates or show any contact has been made with the Iranian Consulate regarding the status of the travel document request"); Shaw v. U.S. Immigr. & Customs Enf't, No. 6:26cv587, 2026 WL 1717260, at *2 (W.D. La. May 21, 2026) ("There is no evidence that Iran is likely to issue a travel document in the reasonably foreseeable future, especially considering the ongoing conflict in the Middle East."), report and recommendation adopted, No. 6:26cv587, 2026 WL 1718649 (W.D. La. June 12, 2026); Anjomshoa v. Oldham Cnty. Jail, No. 3:26cv20, 2026 WL 1034403, at *3 (W.D. Ky. Apr. 16, 2026) ("The Court here notes, as have other courts considering similar petitions, that 'Iran has historically been uncooperative in efforts by the United States to repatriate its citizen[s].'" (quoting Minassi v. Noem, No. 5:26cv723, 2026 WL 923289, at *5 (C.D. Cal. Apr. 1, 2026))); Alkhafaji v. Mullin, No. 3:26cv2262, 2026 WL 1862613, at *5 (S.D. Cal. June 29, 2026) ("Respondents have not identified a third country to which they plan to remove Petitioner, much less submitted a travel document or provided an estimate for how long it would take this third country to respond."); Kamyab v. Bondi,

No. C25-389RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025) (classifying representations that "Iran is accepting return of its citizens," and has "indicated that it was reviewing its backlog of cases and would be reaching out with interview requests" as "generalized statements" that "are far too vague and conclusory" to rebut the petitioner's case-specific showing).

In light of Respondents' failure to provide any factual update capable of rebutting Petitioner's showing that there is "good reason to believe" that he will not be removed to Iran, or anywhere else, in the reasonably foreseeable future, Petitioner's § 2241 motion seeking release is **GRANTED, effective July 9, 2026.** To ensure both respect for due process and the protection of the public, **Petitioner SHALL BE RELEASED from custody on such lawful conditions of release** as federal Respondents deem appropriate to impose. Zadvydas, 533 U.S. at 700 (noting that release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

The Clerk is **REQUESTED** to forward a copy of this Memorandum Order to Petitioner and counsel for Respondents.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July ____, 2026

6